**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SYLVIA MEADE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 5:10CV00331 SWW |
| CITY OF DERMOTT, ARKANSAS; | * | |
| DERMOTT CITY COUNCIL; FLOYD | * | |
| GRAY, Mayor of Dermott; MICHAEL | * | |
| WOLFE, individually an in his official | * | |
| capacity as a Dermott Police Officer; | * | |
| and KEITH DONALDSON, Dermott | * | |
| City Council Member | * | |
| | * | |
| Defendants | * | |
| | * | |

## ORDER

Sylvia Meade brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants violated her Fourteenth Amendment right to equal protection of the law as well as "other applicable federal law." Before the Court are Meade's motion to strike and for a default judgment against separate defendant Michael Wolfe (docket entry #15) and Separate Defendant Dermott Police Department's motion to dismiss for failure to state a claim (docket entry #13). After careful consideration, and for reasons the follow, the motion to strike and for a default judgment will be denied, and the motion to dismiss will be granted.

**Motion for Default Judgment**

Meade asks the Court to strike the answer of separate defendant Michael Wolfe "as an

insufficient defense," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure,[1] and enter default judgment against Wolfe. Meade reports that Wolfe received service of the complaint and summons on December 8, 2010 and filed an untimely, *pro se* answer on January 6, 2011.

The Court has discretion in determining whether a default judgment is warranted, *see Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977), and the Eighth Circuit has endorsed a strong judicial policy against default judgments. *See United States v. Harre*, 983 F.2d 128, 129-30 (8th Cir.1993)(holding that district court abused its discretion by entering a default judgment "for a marginal failure to comply with the time requirements" ); *see also Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir. 1981). Meade does not contend that Wolfe's nine-day delay in filing his answer will adversely affect her ability to prosecute, and the Court finds that Wolfe's marginal failure to comply with time requirements does not warrant a default judgment against him.

## Motion to Dismiss Dermott Police Department

Meade names that Dermott Police Department as a defendant, and the Department moves for dismissal on the ground that it is not a legal entity separate from the City of Dermott and cannot be sued.

The capacity to sue or be sued is determined by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Arkansas law, political subdivisions, including cities, are empowered to sue and be sued, *see* Ark. Code Ann. § 14-54-101, but police

---

[1] A motion to strike under Fed. R. Civ. P. 12(f) is the appropriate remedy for elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and it provides a procedure for objecting to an insufficient defense. Rule 12(f) has no application here because Meade is challenging the timeliness of the answer, not the substance of the pleading.

departments are merely divisions or departments of political subdivisions, without the capacity to sue or be sued. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 81 (8th Cir.1992)("The West Memphis Police Department and West Memphis Paramedic Services are not juridical entities suable as such. They are simply departments or subdivisions of the City government.").

The Court agrees that the Dermott Police Department is not subject to suit and must be dismissed as a party to this action.

IT IS THEREFORE ORDERED that Plaintiff's motion to strike and motion for a default judgment (docket entry #15) is DENIED.

IT IS FURTHER ORDERED that Separate Defendant's motion to dismiss (docket entry #13) is GRANTED. Plaintiff's claims against the Dermott Police Department are dismissed with prejudice, and the Dermott Police Department is dismissed as a party to this action.

IT IS SO ORDERED THIS 19TH DAY OF APRIL, 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE